AUGUSTUS BERCHORMAN and others *v.* FREDERICK MURKEN.

The defendant and other owners of a tract of land in Westchester county, agreed, in writing, to pay, respectively, a certain portion of the expenses of grading adjacent streets and avenues, and authorized the plaintiffs to enter into a contract, on their behalf, to effect the desired improvements. The contractors having failed to perform their contract, the plaintiffs called a meeting of the owners, at which a majority resolved to assess upon each party to the original agreement an additional sum, and sanctioned the employment, by the plaintiffs, of other contractors, who completed the work. *Held,* that the defendant, not having been present at the meeting, although duly invited and apprised of its object, was not liable for any part of the additional expense.

*Held,* further, that the general statement of a witness, that when the work was completed, the defendant accepted it without objection, was no proof of his assent to the payment of more than the original agreement called for.

THIS action was brought in the Second District Court, " for ($33 25) money paid and expended, at the request of the defendant, for his benefit, and which he promised to repay;" and judgment was recovered by the plaintiffs for $28, after crediting the defendant with a payment, on account, of $5 25. The defendant appealed.

From the return, it appeared that the defendant and other owners of a tract of land in Westchester county, called Mount Vernon, agreed, in writing, to pay $26 each, to form a fund for grading certain streets and avenues, and authorized the plaintiffs to contract, on their behalf, for the accomplishment of the contemplated improvements. The con-

Berchorman *v.* Murken.

tractors having refused or neglected to perform their contract, the plaintiffs called a meeting of the owners, at which a majority resolved to assess an additional sum of $7 25 upon each party to the original agreement, and directed the plaintiffs to appropriate the money, thus acquired, in the employment of other contractors, who were engaged accordingly, and the work was completed by them. The defendant received due notice of the intended meeting and of its object, but did not attend.

*Joseph S. Ridgway,* for the appellant.

*N. A. Chedsey,* for the respondents.

BY THE COURT. DALY, J.—There was no evidence showing that the defendant was a party to the second contract. He agreed, with others, to pay $26 as his proportion of the expense of grading the streets and avenues, and that was the extent of his obligation. If the plaintiffs saw fit to make a contract for a greater sum, they should have procured his assent to it. Sending him notice that a new contract would have to be made, and that a meeting of the owners of the lots would be held on the 4th of June, for that purpose, would not make him a party to the new contract, or render him responsible for any greater sum than he had originally agreed to pay. He was under no obligation to attend that meeting, nor bound by what the owners who attended it agreed to do. He simply undertook to pay $26, and that was the extent of his liability. The general statement of a witness, that the defendant accepted the work when it was completed, without objection, is no proof of an assent on his part to pay more than he had originally agreed to pay. The judgment should, therefore, be reduced to twenty dollars and seventy-five cents and the costs, with no costs of the appeal to either party.

Ordered accordingly.